# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

Stanley Ursery,

                Petitioner,

                              Case No. 4:06CV1768UNA

                              **MEMORANDUM OPINION AND**
v.                                        **ORDER**

Troy Steele,[1]

                Respondent.

Stanley Ursery, Petitioner *pro se*, Charleston, Missouri.

Ryan Haigh, Assistant Attorney General, Jefferson City, Missouri, for Respondent.

      This matter is before the Court on Petitioner Stanley Ursery's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. For the reasons set forth below, the Court will deny the Petition.

## BACKGROUND

      On November 2, 1998, Ursery was charged by Indictment in Missouri Circuit Court with first-degree assault, in violation of Missouri Revised Statutes section 565.050 (Count I); armed criminal action, in violation of Missouri Revised Statutes section 571.015 (Count

---

[1] The State asserts that Chuck Dwyer, not Troy Steele, is the superintendent of the prison facility in which Petitioner is currently incarcerated. The Missouri Department of Corrections' website suggests otherwise. See http://www.doc.mo.gov/division/adult/secc.htm (last visited September 14, 2007).

II); and unlawful use of a weapon, in violation of Missouri Revised Statutes section 571.030 (Count III). For reasons unexplained to the Court, Ursery's first trial ended in a mistrial during jury selection. He was then retried, but his second trial resulted in a hung jury. Finally, on January 26, 2000, at his third trial, Ursery was convicted on all three counts in the Indictment. On May 19, 2000, he was sentenced to 15 years' imprisonment on the assault charge, 20 years' imprisonment on the armed-criminal-action charge, and 15 years' imprisonment on the unlawful-use-of-a-weapon charge, all to run consecutively, for a total sentence of 50 years' imprisonment. He is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri.

Ursery timely appealed his conviction and sentence to the Missouri Court of Appeals. On appeal, Ursery argued that: (1) his conviction for unlawful use of a weapon, in addition to his convictions for armed criminal action and first-degree assault, violated his right to be free from double jeopardy because the convictions were all based on the same conduct (claims 1 and 3); (2) he was denied due process and a fair trial because the unlawful-use-of-a-weapon charge merged into the assault charge and/or the armed-criminal-action charge (claims 2 and 4); (3) the trial court improperly punished him because he insisted upon going to trial on the charges against him (claim 5); and (4) the trial court erroneously overruled Ursery's objections to certain trial testimony (claim 6).

By order dated April 17, 2001, the Court of Appeals affirmed the trial court in all respects. See State v. Ursery, 43 S.W.3d 453, 454 (Mo. Ct. App. 2001). In pertinent part, the appellate court concluded that the double-jeopardy claims had not been preserved for

appeal, and hence were reviewable only for plain error; undertaking such a review, the court found that no double-jeopardy violations had occurred. The appellate court also concluded that the merger claims had not been preserved for appeal and it also reviewed those claims for plain error, and found none.

On July 25, 2001, Ursery filed a motion to vacate his judgment of conviction and sentence, pursuant to Missouri Supreme Court Rule 29.15. In his motion, he argued *inter alia* that he had received ineffective assistance of trial counsel because counsel (1) failed to call as witnesses two relatives who would have provided an alibi for him and (2) failed to call Ursery to testify, despite his desire to do so.[2] The trial court denied Ursery's motion without a hearing, and Ursery appealed that denial to the Missouri Court of Appeals. On October 7, 2003, the appellate court affirmed in part and reversed in part, concluding that the trial court had erred by denying the ineffective-assistance claims without holding an evidentiary hearing. It remanded those claims to the trial court with instructions to hold such a hearing. See Ursery v. State, 119 S.W.3d 165, 167 (Mo. Ct. App. 2003).

On remand, the trial court held an evidentiary hearing, at which only one of Ursery's two purported alibi witnesses (Karen Ursery) testified. In addition, Ursery's trial counsel testified at the hearing. Counsel testified that he did not call either relative as an alibi witness because neither attended Ursery's trial and, in his experience, close family members who do not attend trials do not make good witnesses. Counsel further testified

---

[2] Ursery testified during his second trial, but not his third.

that it is his practice to always permit a defendant to testify if he desires to do so and he could recall having no disagreement with Ursery over whether he should testify in his case. Counsel further stated that, although he could not recall the specifics, he likely advised Ursery not to testify because of a concern about the prosecution eliciting on cross-examination several past offenses for which Ursery had been convicted, which involved conduct similar to that in the instant case. In light of counsel's testimony, the trial court concluded that counsel had made reasonable tactical choices concerning which witnesses to call at trial and, hence, did not provide ineffective assistance. Accordingly, the court once again denied Ursery's motion. Ursery appealed to the Missouri Court of Appeals, but on October 17, 2006, the appellate court affirmed. Ursery v. State, 203 S.W.3d 767, 768 (Mo. Ct. App. 2006).

Ursery then filed the instant Petition, pursuant to 28 U.S.C. § 2254. In his Petition, Ursery asserts six claims: (1) his right to be free from double jeopardy was violated by being convicted (and sentenced) for the crimes of armed criminal action and unlawful use of a weapon, which arose out of the same conduct; (2) his right to due process was violated because the crime of armed criminal action merged into the crime of unlawful use of a weapon; (3) his right to be free from double jeopardy was violated because the trial court imposed a "cumulative" sentence for the unlawful-use-of-a-weapon conviction; (4) his right to due process was violated because the crime of armed criminal action merged into the crime of first-degree assault; (5) trial counsel was ineffective for failing to call Karen Ursery as an alibi witness; and (6) trial counsel was ineffective for failing to call Ursery to

4

testify at trial.

## DISCUSSION

I. **The double-jeopardy claims (claims 1 and 3)**

Before turning to the merits of the double-jeopardy claims, some procedural complications must first be addressed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts apply a deferential standard of review to state-court decisions on federal questions. Habeas relief may be granted only if the state court's adjudication "on the merits" of a federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1); accord Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

In his Petition, Ursery claims that the alleged double-jeopardy violations at issue here infringed his rights under the Fifth and Fourteenth Amendments to the United States Constitution. On his direct appeal in state court, however, Ursery argued that the double-jeopardy violations infringed his rights under *both* the United States Constitution *and* the Missouri Constitution. In denying Ursery's appeal, the Missouri Court of Appeals did not address the *federal* component of these claims; its decision mentions only state law. Evaluating these claims under AEDPA's deferential standard of review, therefore, is somewhat problematic, because there is no analysis or other legal discussion for this Court to review in determining whether the state-court's decision "was contrary to, or involved an

5

unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1).[3]

While an uncommon problem, this situation is not unprecedented. The Eighth Circuit, on several occasions, has suggested that when a state court has not adjudicated a federal claim on the merits, a district court on habeas review should not apply AEDPA's deferential standard of review. See, e.g., Cox v. Burger, 398 F.3d 1025, 1029-30 (8th Cir. 2005); Clemons v. Leubbers, 381 F.3d 744, 755, 756 n.8 (8th Cir. 2004); Armstrong v. Kemna, 365 F.3d 622, 626 (8th Cir. 2004); Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002). Although no party has suggested what standard of review the Court should apply in this situation, the Court concludes that the standard to be applied ultimately is irrelevant, because even if the Court were to undertake a *de novo* review, Ursery cannot demonstrate any constitutional infirmity here.

While the double-jeopardy clause of the Fifth Amendment bars multiple *trials* for the same offense, it does not bar multiple *punishments* for the same conduct if the legislature has authorized the same. Missouri v. Hunter, 459 U.S. 359, 365-66 (1983). Here, Ursery was convicted and sentenced in a single trial; hence, the only issue is whether

---

[3] The appellate court apparently did not address the federal portion of these claims because, in its view, Ursery had conceded that he had failed to preserve them for appellate review. The appellate court, therefore, reviewed the claims only for plain error (see Mo. S. Ct. R. 30.20) and, in doing so, relied upon only state law. Hence, the federal component of these claims was not adjudicated "on the merits" for AEDPA purposes. See, e.g., Brown v. Leubbers, 371 F.3d 458, 461 (8th Cir. 2004) (in order to be entitled to AEDPA deference, "the state court's decision must be a judgment – an adjudication – on a substantive issue – the merits (as compared with a procedural or technical point)"). Regardless, the double-jeopardy claims fail on the merits here even under a less-deferential, pre-AEDPA standard of review.

the Missouri legislature intended the same conduct to permit punishment for first-degree assault, armed criminal action, and unlawful use of a weapon. That question was answered by the court in State v. Mayo, 829 S.W.2d 474 (Mo. Ct. App. 1992). The Mayo court was confronted with the very same question confronting the Court here: does being convicted of the crimes of first-degree assault, armed criminal action, and unlawful use of a weapon constitute double jeopardy if the facts underlying all three charges are the same? The court answered that question in the negative, reasoning that because each crime includes different elements, the legislature intended to permit cumulative punishments for all three, even if the same conduct formed the basis for the convictions. Id. at 475. That result comports with precedent from the United States Supreme Court. See Blockburger v. United States, 284 U.S. 299, 304 (1932) ("The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); see also Heaton v. Nix, 924 F.2d 130, 133-34 (8th Cir. 1991).

Accordingly, Ursery's conviction on all three charges did not violate his double-jeopardy rights, and his first and third claims necessarily fail.

## II. The merger claims (claims 2 and 4)

With respect to claims 2 and 4, the State argues that "[i]ssues regarding the 'merger doctrine' are issues of purely state law." (Response at 3.) Accordingly, the State asserts that Ursery's merger claims are "noncognizable," because habeas relief may be granted

7

only for violations of federal law, not state law. (Id.) The State's argument is misplaced.

In support of its argument, the State cites Ragland v. Hundley, 79 F.3d 702 (8th Cir. 1996). In Ragland, however, the petitioner sought habeas relief by arguing that "a felonious assault which results in a murder cannot be the basis for a felony-murder charge *under Iowa's statutory merger doctrine*." Id. at 705 (emphasis added). The petitioner specifically relied on an Iowa law that "forbids separate convictions on both a lesser included offense and the greater offense." Id. (citing Iowa Code § 701.9). Hence, the issue in Ragland was one of purely state law, over which the Eighth Circuit concluded a federal habeas court had no jurisdiction. Id.

Ragland does not guide the Court's analysis here, because Ursery argues that the unlawful-use-of-a-weapon charge merged into the first-degree assault charge and/or the armed-criminal-action charge *as a matter of federal due process* and that, by being convicted and punished for all three charges, he was denied his due-process rights under the United States Constitution. Insofar as Ursery is asserting a federal claim, Ragland is not controlling and the State's non-cognizability argument fails.

Nevertheless, it is clear that Ursery's merger claims fail on the merits, because courts have consistently rejected the notion that the failure to merge crimes violates a defendant's due-process rights.[4] See, e.g., Rhode v. Olk-Long, 84 F.3d 284, 289 (8th Cir.

---

[4] As with the double-jeopardy claims, the Missouri Court of Appeals did not address the federal component of the merger-doctrine claims, even though those claims were presented in terms of *both* state *and* federal law, because it concluded that Ursery had not preserved the claims for review. Accordingly, as discussed above, the Court will not apply AEDPA's deferential standard of review to

1996) (noting that court was unaware of any precedent holding that failure to apply merger doctrine would support habeas relief under due-process theory); Tillman v. Cook, 25 F. Supp. 2d 1245, 1298 (D. Utah 1998) (rejecting due-process argument based on merger doctrine). Moreover, as discussed above, each of the crimes for which Ursery was convicted includes a separate and distinct element from the other two crimes. There can be no due-process violation stemming from the failure to apply the merger doctrine in such circumstances. See Heaton, 924 F.2d at 133-34 (no due-process violation where underlying felony was not merged into felony-murder conviction); Sutton v. Blackwell, 327 F. Supp. 2d 477, 486 (D.N.J. 2004) (no due-process violation where conviction for aggravated manslaughter was not merged into conviction for possession of weapon for unlawful purpose because offenses involved separate elements).

### III.    The ineffective assistance claims (claims 5 and 6)

Unlike in its discussion of Ursery's double-jeopardy and merger claims, the Missouri Court of Appeals *did* address the federal component of his ineffective-assistance claims, relying in part on the controlling Supreme Court case of Strickland v. Washington, 466 U.S. 668 (1984) (holding that ineffective assistance requires (1) counsel's conduct to fall below an objective standard of reasonableness and (2) actual prejudice as a result). In denying relief, the appellate court deferred to the trial court's determination that Ursery's counsel had credibly explained why he did not call Karen Ursery to testify as an alibi

---

these claims. Yet again, however, the standard of review is irrelevant, because Ursery's claims fail even under a *de novo* review.

witness and why he did not call Ursery to the stand to testify in his own defense, and it agreed with the trial court that those decisions were the product of sound trial strategy.

Under AEDPA, this Court's task in reviewing Ursery's ineffective-assistance claims is simply to determine whether the appellate court's conclusion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1); Williams, 529 U.S. at 412-13. To prevail, Ursery must "overcome the presumption that, under the circumstances, [his counsel's] challenged action[s] might be considered sound trial strategy." Bell v. Cone, 535 U.S. 685, 698 (2002) (internal quotation marks and citations omitted). The state courts' determination that Ursery's counsel credibly explained his alleged errors and, hence, failed to call Ursery and his relative to testify as a matter of trial strategy, is entitled to deference in this Court. See 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

The Court determines that Ursery has failed to show that the state courts erred in concluding that his trial counsel was not ineffective. Concerning counsel's failure to call Ursery's relative as an alibi witness (claim 5), the appellate court found that the decision was based on counsel's reasonable conclusion that family members who do not attend a defendant's trial, in his experience, generally do not make good witnesses. This is precisely the type of strategic choice that a habeas court cannot revisit through the 20/20 lens of hindsight. See, e.g., United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005)

("[t]he decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy").

As for Ursery's claim that counsel did not permit him to testify despite his desire to do so (claim 6), the appellate court deferred to the trial court's conclusion that counsel's explanation regarding why he did not call Ursery to testify was credible: his concern that Ursery's prior convictions would be elicited on cross-examination. This explanation was reasonable and was fully supported by the record, given Ursery's prior criminal history. Accordingly, the appellate court's conclusion that the decision not to call Ursery to testify was sound trial strategy was appropriate and did not result in a misapplication of federal law.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Ursery's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September  19 , 2007                       s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge