UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Stanley Ursery,

                       Petitioner,

                                          Case No. 4:06CV1768UNA
                                          **ORDER**
v.

Troy Steele,

                       Respondent.

      By Order dated September 19, 2007 (Doc. No. 18), the Court denied petitioner Stanley Ursery's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Ursery now requests that the Court issue him a Certificate of Appealability ("COA"). For the reasons set forth below, the Court will deny Ursery's request.

      A state prisoner is not permitted to appeal a final order in a habeas-corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A district court may not grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A COA will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate."). Rather, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among

reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*); accord Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "deserve encouragement to proceed further") (citation omitted).

Here, the Court finds that Ursery has not made a substantial showing of the denial of a constitutional right. His habeas-corpus petition was properly dismissed for the reasons set forth in the Court's September 19, 2007 Order, and Ursery raises no new arguments that would lead the Court to re-visit its prior ruling. The double-jeopardy and ineffective-assistance-of-counsel claims that Ursery seeks to raise on appeal are simply not weighty enough to warrant a COA. Ursery has not shown sufficient reason to believe that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Thus, the Court concludes that Ursery is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Ursery's Application for a Certificate of Appealability (Doc. No. 19) is **DENIED**.

Dated: October  9 , 2007 s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge